## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**ANEX WAREHOUSE AND**
**DISTRIBUTION COMPANY,**

      **Plaintiff,**

  v.

**DMG CONSULTING &**
**DEVELOPMENT, INC. d/b/a GOLD**
**COAST LOGISTICS GROUP a/d/b/a**
**GOLD COAST, INC.**

**CASE NO:** 2:23-CV-1510

## COMPLAINT IN CIVIL ACTION

And now, comes Plaintiff, Anex Warehouse and Distribution Company, by and through its attorneys, Nicholas A. Miller, Esq. and Brenlove & Fuller, LLC, and files this Complaint in Civil Action, averring as follows:

## PARTIES

1. Plaintiff, Anex Warehouse and Distribution Company is a Pennsylvania corporation with a registered address of 1200 Lebanon Road, West Mifflin, PA 15122.

2. Plaintiff operates as a full-service, public warehousing and logistics company.

3. Defendant, DMG Consulting & Development, Inc. is an Illinois corporation doing business as Gold Coast Logistics Group with an address of 1425 Madeline Lane, Suite 100, Elgin, IL 60124.

4. Defendant also regularly holds itself out as, and does business as, Gold Coast, Inc.

5. Defendant operates as a supply chain management provider.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter by and through 28 USC § 1332 as Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00.

7. Per 28 USC § 1391, venue in this matter is appropriate as a substantial part of the events or omissions giving rise to the claim occurred within the Western District of Pennsylvania.

## FACTUAL BACKGROUND

8. On or about November 10, 2021, Plaintiff and Defendant, along with Dick's Merchandising & Supply Chain, Inc. ("DMSC") negotiated and entered into a Warehouse Services Agreement (the "WSA").

9. Under the WSA, Defendant operated as a "middleman" for the transfer and storage of DMSC's goods at warehouses operated by Plaintiff.

10. Under the WSA, all payment for the services flowed from DMSC, through Defendant, and onto Plaintiff for the use of Plaintiff's warehouses.

11. Defendant would receive compensation for its services by taking a fee from the payments made by DMSC before remitting payment to Plaintiff.

12. Near the end of 2022 and during the first quarter of 2023, issues between Defendant and DMSC arose, which ultimately culminated in Plaintiff, Defendant, and DMSC entering into a Mutual Termination Agreement (the "MTA").

13. The MTA served to terminate, and otherwise amend, the WSA.

14. Upon the execution of the MTA, the only surviving terms of the WSA related to payment, being:

    a. "[DMSC] will remit all Fees due and under the WSA through [April 18, 2023] to [Defendant] in accordance with the payment terms of the WSA," and

    b. "[Defendant] will remit all Warehouse Fees due under the WSA to [Plaintiff] in accordance with the payment terms set out in the WSA."

15. To date, DMSC has fulfilled its obligations under the MTA and has remitted all fees due and owing under the WSA to Defendant.

16. To date, Defendant has failed to fulfill its obligations under the MTA and has refused to remit all warehouse fees due under the WSA.

17. Plaintiff has timely and properly invoiced Defendant for all amounts owed under the WSA.

18. Despite repeated demand for payment, Defendant has failed to fulfill its contractual obligations and make payment of due and owing warehouse fees to Plaintiff.

19. To date, Defendant has failed to remit $231,210.50 in due and owing warehouse fees to Plaintiff.

## COUNT I

## **BREACH OF CONTRACT**

20. The foregoing paragraphs are hereby incorporated as if fully set forth herein.

21. Defendant entered into the WSA, which set the terms of payment for the services rendered by Plaintiff.

22. Defendant entered into the MTA, which terminated the WSA and required that Defendant make payment to Plaintiff according to the terms of the WSA.

23. Defendant has breached its contractual obligation by failing to remit $231,210.50 in warehouse fees that are due and owing under to Plaintiff through the MTA and WSA.

24. Plaintiff has been directly and proximately harmed by Defendant's breach of its contractual duties.

WHEREFORE, Plaintiff demands this Honorable Court enter judgment in it is favor and against Defendant in the amount of $231,210.50 plus interest, costs, attorney's fees, and such other relied as justice requires.

## COUNT II

## UNJUST ENRICHMENT

25. The foregoing paragraphs are hereby incorporated as if fully set forth herein.

26. Defendant has received payment in full from DMSC, which constitutes payment of not just the fees DMSC owed to Defendant, but also contained the fees for the warehouse services provided by Plaintiff.

27. By and through retention of the warehouse fees, Defendant has improperly retained and appreciated a benefit.

28. It would be unjust for Defendants to retain such benefit without payment of the warehouse fees to Plaintiff.

WHEREFORE, Plaintiff demands this Honorable Court enter judgment in it is favor and against Defendant in the amount of $231,210.50 plus interest, costs, attorney's fees, and such other relied as justice requires.

**BRENLOVE & FULLER, LLC**

Dated: 8.21.2023

By: /s/ Nicholas A. Miller
Nicholas A. Miller, Esquire
Pa. I.D. No. 204141
401 Washington Avenue
Bridgeville, PA 15017

nmiller@brenlovefuller.com

*Attorneys for Plaintiff*